[Vidmer, et al. v. Lloyd.]

# Vidmer, *et al. v.* Lloyd.

## *Ejectment.*

(Decided December 18, 1913.   63 South. 943.)

1. *Adverse Possession; Elements.*—Under the doctrine of prescription the actual possession of land for forty years under a claim of ownership, without recognition of any claim, right, or title of another, operated as an absolute repose.

2. *Remainders; Adverse Possession; Prescriptive Period.*—Until a remainderman has the right to sue, upon the termination of a life estate, neither limitations nor . prescription of twenty years runs against such remainder.

3. *Courtesy; Requisites; Title of a Wife.*—A married woman in possession of land under color of title at the time of her death was the owner thereof and could have defeated the recovery of the land against all who did not show a superior claim of title, or could have recovered the land, and therefore, upon her death, her husband took a life estate therein under section 2379, Code 1867, then in effect.

4. *Same.*—Where a married woman in possession of land under color of title abandoned the possession before her death, and there was no animus revertendi she was not the owner thereof at the time of her death, and her husband took no life estate therein; hence, her heirs could not recover the land from one who had acquired title by prescription, though he held under deeds from her husband. Therefore, the affirmative charge for such heirs was properly refused in view of the evidence of such abandonment by the wife.

5. *Ejectment; Instructions; Ignoring Evidence.*—Where plaintiff's evidence tended to show that R., whose heirs were suing in ejectment was at the time of her death in possession of the land under color of title, and there was no evidence that her husband owned or claimed the land, except through her death, a charge asserting that if defendants were in the actual adverse possession of the land at the time the husband made deeds thereto to defendants, the making of such deeds and the possession thereof by defendant did not import, imply or affirm that R. owned the lands at the time of her death, ·or that defendant admitted such ownership, or held possession under her, or under her alleged claim of title, and that such possession of such deed did not break or interrupt his adverse possession was invasive of the province of the jury, ignored a feature of plaintiff's evidence, and was contradictory; the making and accepting of the deeds affording an inference for the jury that the husband was conveying the title acquired by the death of his wife, and that both he and defendants recognized the wife's title.

6. *Same; Burden of Proof.*—Where plaintiffs claim that defendant held under a deed from the husband of their ancestor after her death, and there was evidence tending to show that plaintiffs ances-

[Vidmer, et al. v. Lloyd.]

tor was in possession under color of title at the time of her death, a charge asserting that the burden was on plaintiff to prove that their ancestor held legal title, and that certain deeds to her did not prove that she had such legal title, was misleading; her possession under color of title being sufficient to enable her to recover against one not showing a superior title and to enable her husband to take a life interest in the land, the deeds in connection with such possession showing such title.

7. *Same.*—One having prior possession of land under color of title can recover in ejectment against one subsequently entering as a trespasser, and not under color of title, though such one was not in possession when such other took possession, unless the prior possessor had abandoned the land with an intention not to return.

8. *Same.*—Where plaintiffs claim as the heirs of R. and asserted that defendant acquired his rights under a deed from R.'s husband after her death, a charge asserting that if defendant entered into possession of the land in 1870, asserting a claim thereto openly, visibly, adversely, etc., and thereafter continued in such possession and while so in possession, received such deed from the husband, conveyances from the heirs of R. to the husband of R. might be presumed, was improperly given, it appearing that the husband died shortly before the bringing of the suit; for if plaintiff had any title it was as remainderman and there was no adverse possession, and no presumption of a deed from them.

9. *Same.*—Where plaintiffs claim as the heirs of R., and set up that defendant was holding as a grantee of R.'s husband who died shortly before the bringing of the suit, a charge asserting that adverse possession did not run against the remainderman while the life tenant was living, and that they could not be deemed guilty of delay in asserting their right during such period, should have been given as the charge did not assume or instruct that there was a life estate in the husband, or tell the jury what to do, but did assert a clear, legal proposition.

10. *Same.*—In ejectment by the heirs of R., where there was some evidence that defendant's rights were based on deeds from R.'s husband after her death, a charge asserting that if the parties claimed from a common source, and if plaintiffs acquired title by descent and devise, and if defendant purchased from R.'s husband, who died in 1909, the jury should find for plaintiff, was proper and should have been given, for if defendant claimed title from R. by purchasing from her husband, he was estopped from denying R.s title and acquired no more than the husbands life estate.

11. *Same.*—Where there was evidence that defendant entered under deeds from the husband of R., and no evidence that the husband had any right except through his wife, an instruction that if defendant entered and claimed under the deeds from the husband, he was estopped to deny R.s title, was proper, and should have been given.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action in ejectment by John R. Vidmer and others against Thomas L. Lloyd. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Plaintiff introduced certified copy of the deed from Harriet McGill to Adele Rabby, dated March 13, 1866; also certified copy of a deed from William Vickars and another to Adele Rabby, wife of J. M. Rabby, dated December 3, 1870. The evidence for plaintiff tended to show that Mrs. Rabby bought and paid for the land, and that she lived there four or five years, until she died, and that the husband, J. M. Rabby, lived there several years after.

The following charges were given at defendant's request:

(3) "The court charges the jury that, if they believe from the evidence that defendant was in the actual adverse possession of the land sued for at the time J. M. Rabby made the two deeds to defendant, dated April 14, 1873, and if defendant received possession of said two deeds from said J. M. Rabby in 1873, then the mere making of said deeds by said Rabby and the possession of said deeds by the defendant would not import, or imply, or affirm that Adele Rabby owned said lands at the time of her death, or that defendant consented to or admitted that she owned said lands, or that he held possession of said lands under her, or under her alleged claim or title thereto, and the mere possession of said deeds by the defendant would not break or interrupt his adverse possession of the land, if you believe he had adverse possession thereof."

(9) "The burden of proof is on plaintiff to prove to your reasonable satisfaction that Adele Rabby had and held the legal title to the lands in controversy in this suit at the time of her death; and the court further charges you that the deed from McGill to Adele Rabby

and the deed from Vickars and others to Adele Rabby do not prove that Adele Rabby had the legal title to said land at the time of her death."

(10) "The court charges the jury that plaintiffs have not shown a legal documentary title to the land sued for; the deeds put in evidence by them show no more than color of title in Adele Rabby. Mere color of title without actual possession by said Adele Rabby of some part of the land at the time defendant entered into possession would not have given her the right to maintain ejectment against defendant for the land, even though defendant might not have had any right to the land, or the possession thereof; and the plaintiffs, relying solely upon the color of title and prior possession of Adele Rabby, would not be entitled to recover in this action, if she was not in the actual possession of the land at the time defendant entered into possession."

(19) "If Adele Rabby was not in possession of the land when defendant entered into possession claiming to own the land, and if Adele Rabby was not in possession of the lands at the time of her death, but if defendant was in actual possession at that time, claiming to own the land, then the presumption would be that defendant, and not Adele Rabby, owned the land."

(20) "If Adele Rabby was in possession of the land, claiming to own it, such possession would carry with it the presumption that so long as she continued in possession she owned the land. But if she abandoned her possession, moved off the land, with no intention of returning, and defendant entered under claim of right or title, then the presumption that Adele Rabby owned the land ceased, and the presumption would be that defendant owned the land from the time of his entry and claim of ownership."

(16) "If you should believe from the evidence that defendant entered into possession of the land in 1870, asserting a claim to the land openly, visibly, continuously, exclusively, notorious, and adversely to all others, and while so in possession of the land, if you should believe that J. M. Rabby executed and delivered to defendant the two deeds which have been introduced in evidence by plaintiff, and if you further believe that defendant continued in such actual, open, visible, continuous, exclusive, notorious, and adverse possession of the land to the present time, then after this great length of time and possession you presume that John Vidmer and George Vidmer, the surviving heirs. and brothers of Adele Rabby, executed to Jacob M. Rabby a deed to the lands involved in this suit prior to April 14, 1872."

The following charges were refused to plaintiff:

(2) "The court charges you that adverse possession does not run against remaindermen while the life tenant is living, and they cannot be deemed to be guilty of delay in asserting their right during said period."

(3) "If you are reasonably satisfied from the evidence that the plaintiffs and defendant claim from a common source, and that plaintiffs have acquired by descent and devise, and that defendant purchased from the husband of Adele Rabby, and that the husband died in 1909, then your verdict should be for plaintiff."

(4) "The court charges you that the statute of limitations cannot run against the remaindermen during the existence of the life estate, and no right of action vests in the remaindermen during the said time for the recovery of the possession of the land, and the court further charges you that, if you are reasonably satisfied from the evidence that the plaintiffs are remaindermen, and the defendant grantee of the same life tenant, and if you are reasonably satisfied that the said life tenant

died in 1909, then no adverse possession such as would ripen into a title existed in favor of the defendant prior to the death of the life tenant."

(A) "The court charges the jury that, if they believe from the evidence that defendant entered and claimed the land sued for under the deeds from J. M. Rabby, then he is estopped to deny the title of Adele Rabby."

(5) Given for plaintiff: "I charge you that, if you are reasonably satisfied from the evidence that defendant did not take possession of the land sued for while Adele Rabby was still alive, then there was no adverse possession against the plaintiffs up to the death of J. M. Rabby, and you should find for the plaintiffs."

GORDON & EDDINGTON, and ERVIN & McALEER, for appellant. The court erred in its oral charge.—*Winters v. Powell,* 61 South. 96. The court erred in giving charges 3 and 9.—*Dodge v. Irvington L. Co.,* 158 Ala. 91; *Russell v. Irvin,* 38 Ala. 47. The court erred in giving charge 10.—*Dodge v. I. L. Co., supra; McCreary, et al. v. L. Co.,* 148 Ala. 247; *L. & N. R. R. Co. v. Philyaw,* 88 Ala. 269. On the same authorities, the court erred in giving charge 16. The court erred in giving charges 19 and 20.—*Winter v. Powell, supra; L. & N. v. Philyaw, supra.* The court should have given charge 1.—Authorities supra, and *Kidd v. Borum,* 61 South. 100; *Bolen v. Hoven,* 143 Ala. 652; *Ware v. Dewberry,* 84 Ala. 568; *Pendley v. Madison,* 83 Ala. 484. The court should have given charge 2 requested by appellant, also charges 3 and 4.—Authorities supra. The court should have given charge A.—Authorities supra.

L. H. & E. W. FAITH, for appellee. The assignments of error based on the court's oral charge cannot be considered as it does not appear that exception was re-

served pending the trial and before the jury retired.—
*Carter v. T. C. I. & R. R. Co.,* 61 South. 65. There was
a conflict in the evidence and of course, the affirmative
charge was properly refused. One must recover on the
strength of his own title, and if plaintiff relies on the
prior possession of an ancestor, he must show posses-
sion, actual of such ancestor at the time of death.—69
S. E. 614; 1 Reeves Real Property, 642. Slight circum-
stances only are required to justify the finding of pay-
ment for the land after lapse of a long time.—*Cannon
v. Prude,* 62 South. 24; *Phillips v. Adams,* 78 Ala. 227;
*Lipscomb v. DeLemos,* 68 Ala. 592; *Love v. Butler,* 129
Ala. 537; *Flomerfelt v. Siglin,* 155 Ala. 633. After the
lapse of forty-three years and the making of the deeds
by the husband, the jury may presume that appellee
paid the money to one lawfully authorized to receive it.
—*Black v. Pratt Co.,* 85 Ala. 504; *McDade v. Matthews,*
72 Ala. 377; *Ala. C. Co. v. Gulf C. Co.,* 171 Ala. 544;
*Jordan v. McClure L. Co.,* 170 Ala. 289; *Roach v. Cox,*
160 Ala. 425. Charge 2 refused to appellant was con-
fusing and misleading.—2 Mayf. 564. Charge 3 was
properly refused on the same authority. Charge 4 was
properly refused.—*Doe v. Roe,* 179 Ala. 614; *Oliver v.
Williams,* 163 Ala. 376; *Ala. S. L. Co. v. Matthews,* 168
Ala. 200; sec. 4860, Code 1907. If appellee entered into
possession after Rabby had moved off the land, she, her-
self, could not have recovered in ejectment against ap-
pellee upon her presumed title based on her prior pos-
session.—*McCreary v. Jackson L. Co.,* 148 Ala. 250;
*Fletcher v. Riley,* 148 Ala. 238; s. c. 169 Ala. 439. When
the legal title is shown to be in another, the presumption
of title in one ceases.—*Brown v. Cochran,* 33 Ala. 45;
*Ashford v. McKee,* 62 South.879. Even as between ap-
pellee and J. L. Rabby the deeds would operate no es-
toppel upon appellee to deny J. L. Rabby's title.—*Coop-*

*er v. Watson,* 73 Ala. 253; *Stevenson v. Reeves,* 92 Ala.
582; *Hoyle v. Mann,* 144 Ala. 521; *Robertson v. Pick-
rell,* 109 U. S. 608. The deeds from J. L. Rabby did
not prove title of any sort either in him or his wife.—
*Anniston C. L. Co. v. Edmondson,* 127 Ala. 445; *Ma-
lone v. Arends,* 116 Ala. 19. Plaintiffs cannot force de-
fendants back to a common source of title in order to
strengthen their own title.—*Hoyle v. Mann, supra;
Butts v. Mastin,* 143 Ala. 324. On these authorities, the
court did not err in the charges given or refused.

ANDERSON, J.—The undisputed evidence shows
that this defendant was in the actual possession of the
land sued for, claiming it as his own, for about 40
years. This being true, such possession on his part,
without recognition of any claim, right, or title of an-
other, would operate as an absolute repose under the
doctrine of prescription.—*Roach v. Cox,* 160 Ala. 425,
49 South. 578, 135 Am. St. Rep. 107, and cases there
cited. The rule, however, is that neither the statute of
limitations nor the prescription of 20 years begins to
run against a remainderman until he has a right to sue,
that is, until the termination of the life estate.—*Bass
v. Bass,* 88 Ala. 408, 7 South. 243; *Bolen v. Hoven,* 143
Ala. 652, 39 South. 379; *Winters v. Powell,* 180 Ala. 425,
61 South. 96.

While counsel for the defendant stated in open court
that he did not claim under any one, but based his title
solely upon adverse possession, the plaintiff introduced
deeds to the land to said defendant from J. M. Rabby,
the husband of Adele Rabby, and which said deeds were
made after the death of the said A. Rabby. So the ques-
tion arises, and which is the chief issue in this case: Did
the said Adele Rabby, at the time of her death, own the
land, or have such a title to or interest in same as would

support or authorize a life estate in her surviving husband? The plaintiff showed that Adele Rabby was in possession of the land, as her home, under color of title, at the time of her death. If this was true, then she was the owner of the land, and could have recovered or defeated the recovery of same as against all who did not show a superior claim or title thereto.—*McCreary v. Jackson Lumber Co.*, 148 Ala. 247, 41 South. 822, and authorities there cited. And upon her death her husband took a life estate in same under section 2379 of the Code of 1867; the remainder going to her heirs, and under whom the plaintiffs claim title. The defendant contended, however, in the trial court, that Adele Rabby did not own the land at the time of her death, and that his grantor, J. M. Rabby, took no life estate in the land upon the death of his said wife. In other words, while the said Adele Rabby was in possession of the land under color of title, that said possession was not of such duration as to give her the legal title by adverse possession, and that she lost her ownership or rights previously acquired by an abandonment of same before her said possession was of sufficient duration to give her a title. If it be true that the said Adele Rabby abandoned the possession of the land before her death, that is, gave up her possession previous to her death, and there was no animus revertendi, then she was not the owner of the land at the time of her death, and her husband took no life estate in same, and the plaintiffs could not recover against this defendant, notwithstanding he may hold under deeds from the husband. If the husband had no life estate to convey by the said deeds, then there was nothing to intercept or bar the defendant's right to set up limitations and prescription. While the plaintiffs' evidence showed that Adele Rabby died in the actual possession of the land, and that her husband was

6—184

residing upon same after her death, and when he made the deeds to the defendant, there was evidence on the part of the defendant showing that she had abandoned the land prior to her death, and for some time before the defendant went into possession of same. If she abandond the land, that is, gave up her possession, and there was no animus revertendi, she was not in possession at the time of her death, and the plaintiffs were not entitled to recover, and, as there was proof tending to establish this fact, although contradicted by the plaintiffs' evidence, the conflict made it a jury case, and the trial court did not err in refusing the general charge requested by the plaintiffs.

So much of the oral charge as was excepted to by the appellants conforms to the foregoing views. Moreover, it does not appear that the exception was reserved before the jury retired.—*Carter v. Tenn. Coal Co.,* 180 Ala. 367, 61 South. 65, and cases there cited.

Charge 3, given at the request of the defendant, should have been refused. It invaded the province of the jury, ignored a feature of the plaintiffs' evidence, and was contradictory. It was for the jury to determine whether or not, even under the facts hypothesized in the charge, the acceptance of the deeds from J. M. Rabby by the defendant was evidence of or created an inference that Adele Rabby owned the land. There is no evidence in the case tending to show that J. M. Rabby owned or claimed the land, except through the death of his wife, and the making by him of a deed to same; and the acceptance thereof by the defendant of said deed would at least afford an inference for the jury that he was conveying the title acquired by the death of his wife, and a recognition both by him and the defendant that the said Adele Rabby owned the said land. Moreover, we do not see how the defendant was an adverse holder, if he pro-

cured or accepted the deed from J. M. Rabby, as this might be some recognition of a claim by said J. M. Rabby to the land, and as the surviving husband of Adele Rabby, at least in the absence of some proof showing that it was understood that the defendant did not, in accepting the deeds, recognize any right or claim in the grantor.

Charge 9, given at the defendant's request, asserts the law and the truth; but it was calculated to mislead in the present case. Technically, Adele Rabby had to have what is termed the "legal title" to the land; but, if she held possession under color of title, this was sufficient to enable her to recover same against one not showing a superior title, and would be such an estate as would enable the husband to take a life interest in the land. The charge also pertermits the fact that the Sadler and Riley deeds would not alone prove that Adele Rabby had the legal title. They, if taken alone, would not do so; but when taken in connection with the plaintiffs' evidence as to the possession of Adele Rabby, which is ignored in the charge, this would prove, as against this defendant, that Adele Rabby did have such a legal title to the land as would enable her or her representatives to recover the same in ejectment, or which would afford such an ownership by her as would enable her husband to take a life estate in said land. Whether or not the defects as pointed out could have been cured by explanatory charges by the plaintiff so as to save a reversal, we need not determine, as the case must be reversed for other reasons. It is sufficient to say that the trial court can safely refuse the charge upon the next trial.

The trial court should have refused charge 10, given at the request of defendant. Adele Rabby could recover in ejectment against the defendant upon her color of title and prior possession of the land, whether in the

actual possession of same at the time the defendant entered or not, if he entered as a trespasser, and not under color of title. Adele Rabby may not have been in the actual possession the moment the defendant entered upon the land, yet may not have abandoned it with an intention not to return, and, if such was the case, she could recover it against a person whose possession was subsequent to hers, and who did not enter under color of title as a purchaser in good faith.—*McCreary v. Jackson Lumber Co.*, 148 Ala. 247, 41 South. 822; 10 Am. & Eng. Ency. of Law, 488.

For like reasons defendant's charge 19 should have been refused. The law does not presume title in the subsequent possessor of the land without color of title, as against a prior possessor under color of title, unless the prior possession was abandoned without an animus revertendi.—*L. & N. R. R. Co. v. Philyaw*, 88 Ala. 269, 6 South. 837.

Charge 20, given for the defendant, was correct, and contains the identical omission which rendered charge 19 bad.

Charge 16, given at the request of the defendant, can well be refused upon the next trial. The law may presume a conveyance by an adverse possession of 20 years; but the assertion that it would presume a deed from the Vidmers as heirs of Mrs. Rabby is inconsistent with their claim of title. If they had any title, it was as remaindermen, and, if they were remaindermen, the law would not presume a conveyance from them to the defendant. True, the charge hypothesizes adverse possession; but, if the Vidmers had title as remaindermen, there was no adverse possession, and, if they had none, the law would not presume a deed from them to the defendant.

[Vidmer, et al. v. Lloyd.]

Charge 2, requested by the plaintiffs, asserts the law, and can well be given upon the next trial. It does not assume or instruct that there was a life estate in J. M. Rabby, or tell the jury what to do, but asserts a clear legal proposition.

The trial court should have given plaintiffs' refused charge 3. It may be true that defendant announced that he did not claim through Adele Rabby; yet there was evidence from which the jury could infer that he did, and which fact is hypothesized in the charge, and, if such was the case, he is estopped from denying her title. —*Pendley v. Madison,* 83 Ala. 484, 3 South. 618. If, therefore, the jury should find that the defendant claimed title from Adele Rabby by purchasing from her husband, he was estopped from denying her title, and having purchased from the husband, and not from her, he only acquired the life estate of J. M. Rabby, and the plaintiffs would be entitled to recover.

Plaintiffs' refused charge 4 should have been given for reasons heretofore set out in this opinion.

Plaintiffs' refused charge "A" should have been given. If the defendant entered under the deeds from J. M. Rabby, then the only evidence fixing any rights in the said Rabby was through his wife, and the defendant would therefore claim under Adele Rabby, and would be estopped from denying the title of the said Adele Rabby. Of course, it was a question for the jury as to whether or not the defendant entered and claimed under the deeds from the husband, J. M. Rabby; but this charge hypothesizes the fact that he entered and claimed the land under said deeds.

It may be that the giving of plaintiffs' charge 5 rendered the refusal of some of the other charges innocuous to the plaintiffs; but this we need not decide, as the giving of same did not cure or neutralize all the errors

above pointed out so as to prevent a reversal of this case. Moreover, said given charge 5 is in conflict with some of the defendant's given charges.

The judgment of the law and equity court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.