No. 19,105.

HATTIE KNICKERBOCKER et al., *Appellants,* V. A. C.
BANGS et al., *Appellees.*

### SYLLABUS BY THE COURT.

QUIETING TITLE—*Minor Remaindermen of Life Estate—Limitation of Actions—Adverse Possession.* Certain devisees held the life estate in a tract of land which was ordered sold for the payment of debts. One of the life tenants at the time the sale was ordered and notice thereof served had living an infant son a few months old on whom no service was made, and later certain other children were born, who with the son already referred to became remaindermen. The deed as well as the order of sale purported to cover the entire title to the land. The grantees of the purchaser remained in actual, visible, open and adverse possession, claiming title as against the world until all the minors had become of age, and until more than two years thereafter in case of the youngest, and had made lasting and valuable improvements, no proceeding having been begun to set aside the administrators' deed or to assert title to the land. *Held,* that such grantees are entitled to have their title quieted as against the remaindermen, the defense of the latter being barred by the statute of limitation.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed January 9, 1915. Reversed.

*O. A. Keach,* of Wichita, for the appellants.

*W. P. Hackney,* and *J. T. Lafferty,* both of Winfield, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiffs sued to quiet title to a ten-acre tract of land. From an adverse judgment they appeal, and the questions involved concern the effect of an administrators' sale and the matter of adverse possession. The trial court made findings of fact which appear to be satisfactory to both parties, the controversy being over the conclusions of law. From these

findings it appears that the land was embraced in a larger body, which passed by the will of Soranus L. Brettun in 1881; that under this will the widow, Margaret, took a life estate. Charles L. Black, a grandson, took one-third in fee, and two other grandchildren, Caroline Louise Crapster, now Bangs, and Brettun Crapster, each took a life estate in one-third, and after the death of Caroline Louise her children were to have her one-third in fee. Caroline Louise married defendant A. C. Bangs, and Brettun C. died before this action was begun, leaving a widow, Jennie G. Crapster, and two children, Bretta V. and Caroline L. In October, 1883, the executors of the will secured an order to sell the real estate for the payment of the real estate now in controversy for the payment of debts of the testator, and it was ordered that notice be given to Caroline L. and Brettun, who were designated as the sole heirs at law of Soranus L. Brettun. Margaret Brettun and Charles C. Black were the executors, and of course had notice of their own proceeding. Notice was served as directed and an order was made directing a sale of the real estate, including that now in controversy, and a deed was ordered executed and recorded. When notice was served, however, Caroline L. Bangs had an infant son, Milton A. Bangs, then between two and three months old, on whom no service was made. Afterwards in certain other litigation all the interest of Charles C. Black was extinguished. In August, 1886, a sister of Milton A. Bangs, Margaret E., was born. In November, 1890, Ruth T. was born, and in February, 1892, Phyllis G. Bangs was born. Milton A. Bangs' majority was reached in 1904, and those of his three sisters, respectively, in 1904, 1908 and 1910. Certain other defendants filed disclaimers and need not be further mentioned. In June, 1885, the grantee of the administrators executed a warranty deed to George E. Knickerbocker purporting to convey a full and complete title to the north five acres of

the tract in question, and in June, 1887, he executed a
warranty deed to the same grantee purporting to con-
vey a complete title to the south five acres. Imme-
diately after the purchase of these tracts George E.
Knickerbocker fenced the land, planted an orchard and
put on improvements costing about $500, which was the
purchase price of the land, and until his death held
open, notorious and exclusive possession, claiming to
own the tract as against the defendants and the world.
He was absent from Kansas from April 1, 1889, until
his death, March 25, 1891. In April, 1891, the plain-
tiffs, being the widow and daughters of George E.
Knickerbocker, returned to Kansas, and in a year or
two buildings and improvements were placed upon the
land to the value of $800, the plaintiffs occupying the
tract as their homestead from 1892 or 1893, and from
their return, in April, 1891, up to the commencement of
this action, August 7, 1912, they held open, notorious,
tangible, exclusive and adverse possession.

It is claimed by the plaintiffs that as no proceeding
was begun within five years to attack the administra-
tors' deed, and none of any kind by either of the heirs
within two years after reaching majority, they are
barred from any defense to this action, the defend-
ants contending that the deed was void and that the
title still remains in the heirs of Caroline Louise Bangs.

The deed as to Milton A. Bangs was void for want
of notice to him, and the form of the order of sale
and also of the deed, by which each purported to
cover the entire title to the land, could have no effect
to divest such estate therein as belonged to a minor
on whom service was omitted, but the court found
that for much more than fifteen years beyond the
two years succeeding the majority of each of the heirs
the appellants were in open, notorious, exclusive and
adverse possession as against the world. Whatever
rights each of these minors had, when coming of age,
to set aside the administrators' deed or to have his

interest in the land adjudicated, the statute made it imperative that such rights should be asserted within the time fixed, in order to prevent the ripening of full and complete title by adverse possession.   It is only necessary to decide, as we must and do decide, that the defendants have slept upon their rights and their defense is barred.   (*Young v. Walker,* 26 Kan. 242, 248-251; *Thompson v. Burge,* 60 Kan. 549, 57 Pac. 110; *O'Keefe v. Behrens,* 73 Kan. 469, 85 Pac. 555; *Crapster v. Taylor,* 74 Kan. 771, 87 Pac. 1139; *James v. Logan,* 82 Kan. 285, 290, 291, 108 Pac. 81; *Freeman v. Funk,* 85 Kan. 473, 117 Pac. 1024.)

It is suggested that the plaintiffs hold under the life tenants and can not be heard to question the validity of the administrators' sale, and that a life tenant can not quiet title as against a remainderman.   Probably the adverse possession found by the court would be fully sufficient for the purposes of the plaintiffs regardless of the administrators' proceedings or deed, and certainly there is nothing in the findings to indicate in the slightest degree that the plaintiffs have ever held in subserviency to the interest of the remainderman.   (See *Nelson v. Oberg,* 88 Kan. 14, 127 Pac. 767.)

It follows, therefore, that the judgment must be reversed, and the case is remanded with directions to enter judgment in accordance herewith.