# Vidmer *v.* Lloyd.

## *Bill to Quiet Title.*

(Decided June 10, 1915.　69 South. 480.)

1. *Quieting Title; Prima Facie Case.*—Where a bill is filed under Section 5443, et seq., Code 1907, to quiet title to land, and the answer admits peaceable possession of the land at the time of the filing of the bill, and that there were no pending suits to test the validity of the title, the bill and answer made out a prima facie case entitling complainants to relief.

2. *Same; Burden of Proof.*—Where one paragraph of the answer to the bill to quiet title made out a prima facie case for the complainants, the burden was on respondent to establish his claim to the land under another paragraph of the answer.

3. *Appeal and Error; Review; Matters Presented.*—Where no ruling was made by the court below upon complainant's objection to the answer of the respondent, it will be passed on appeal without further notice.

4. *Adverse Possession; Claim of Right; Effect.*—The actual possession of land for 40 years by one claiming it as his own, without recognizing any claim, right or title of another, operated as an absolute repose under the doctrine of prescription.

5. *Same; Recovery.*—Recovery is not allowed upon actual prior possession in itself, but upon the title which such prior possession evidences, and it is a basis of recovery against a trespasser, not because of plaintiff's previous possession of the land, but because of the presumption of title in plaintiff from his possession, such being sufficient proof of title as against a bare trespasser.

6. *Property; Title; Presumption.*—Title once shown to exist, whether by the probative force of possession or otherwise, is conclusively presumed to continue as against a trespasser.

7. *Life Estate; Conveyance; Effect.*—A purported conveyance of a fee by a life tenant is effective only to pass the life interest of the grantor.

8. *Same; Possession Under Life Tenant; Sufficiency.*—Where it appeared that the one under whom respondent claimed was in possession under a quit claim deed from a life tenant until the life estate fell it in 1896, and that the remaindermen were barred by the ten year statute of limitations, and that from that time complainant had been in the adverse possession under claim of ownership, there was no title in respondent's predecessor superior to that of the complainant; the bill being to quiet title.

9. *Adverse Possession; Contract of Purchase; Equity.*—Where the bill was to quiet title against a respondent claiming under actual prior possession of another under color of title, and complainant,

[Vidmer v. Lloyd.]

while in possession of the property knew that respondent's predecessors only had a deed from one claiming a life estate, and who could not convey good title, entered into a contract with the husband of respondent's predecessor, while the wife was alive, whereby the husband was to acquire a clear title, and convey it to complainant, and complainant paid the full purchase price prior to the wife's death, and received a deed from the surviving husband, such complainant had a perfect equity under such contract of purchase, and his possession began to run against the wife in her lifetime.

Appeal from Mobile Law and Equity Court.

Heard before Hon. Saffold Berney.

Bill by Thomas L. Lloyd against John R. Vidmer and others, to quiet title to land. Decree for complainants and respondents appeal. Affirmed.

Gordon & Eddington, and Ervin & McAleer, for appellant.

Webb & McAlpine, for appellee.

GARDNER, J.—Appellee, Thomas L. Lloyd, filed this bill against John R. Vidmer and others, appellants, to quiet the title to a tract of land in Mobile county, Ala., described as "section 14, township 5 south, range 2 west of Mobile county." The averments of the bill were in conformity with the requirements of our statutory provision in the cases of this character. —Code, § 5443 et seq.

(1) The answer of the appellants admits the peaceable possession of the land at the time of the filing of the bill, and that there was no suit pending to test the validity of the title. These admissions made out a prima facie case, entitling complainant to the relief sought.—*Kendrick v. Colyar*, 143 Ala. 597, 42 South. 110. In the second paragraph of the answer the respondents, who are appellants here, set up, by way of propounding their title or claim to the land, that they are the heirs of one Adele Rabby, who went into pos-

session of this property in the year 1866, and held the same under deeds from Harriet McGill, William Vickers, W. H. Sadler, and T. F. Riley. The answer then avers that the said Adele Rabby "lived on said premises for years, built a house there, and farmed and used the same," etc.; "that in 1872 she died intestate, leaving no children, but survived by her husband, Jacob M. Rabby; that said J. M. Rabby thereafter executed deeds to the complainant to the said land.

(2, 3) Such is the substance of the answer. As paragraph 1 of the answer, by its admissions, made out a prima facie case for the complainant, the burden was upon the respondents to establish their claim to the land. The sufficiency of the answer was challenged by the complainant in the court below for its failure to allege or show with sufficient definiteness the title of the respondents under the provisions of section 5445 of the Code of 1907. While the sufficiency of the answer may be seriously questioned, yet there was no ruling by the court upon the objections raised thereto, and we pass the matter by without further notice.

(4) The controverted question as to the ownership of the land was before this court on appeal from the trial of an ejectment suit, and is found treated in *Vidmer v. Lloyd,* 184 Ala. 153, 63 South. 943. The opening paragraph of the opinion in that case is applicable upon this appeal, and reads as follows: "The undisputed evidence shows that this defendant was in the actual possession of the land sued for, claiming it as his own, for about 40 years. This being true, such possession on his part, without recognition of any claim, right, or title of another, would operate as an absolute repose under the doctrine of prescription.—*Roach v. Cox,* 160 Ala. 425, 49 South, 135 Am. St. Rep. 107, and cases there cited."

[Vidmer v. Lloyd.]

The burden of proof, therefore, was upon the respondents to establish a title in Adele Rabby superior to that of the complainant, and in so establishing to offer proof which would overcome the long-continued possession of the complainant under his open and notorious claim of ownership. To this end the respondents insist that they have proven a superior title by showing actual possession of Adele Rabby and her husband, J. M. Rabby, under a quitclaim deed to Adele Rabby from one Harriet McGill, executed in 1866, and a deed from J. M. Rabby to complainant, executed after the death of the said ˳Adele Rabby; the contention being that Adele Rabby had such an interest in the property as that the husband acquired a life estate therein at her death, that his deed to complainant conveyed only such life interest therein, and that, as said J. M. Rabby died in 1909, the remaindermen are not barred.

The evidence in the case has been carefully examined, and we are reasonably satisfied of the following facts established thereby: That J. M. and Adele Rabby went into possession of this property in 1866, under a quitclaim deed of Harriet McGill; that Harriet McGill derived her title from the will of her husband, duly admitted to probate in November, 1864, and that under said will Harriet McGill received a life estate; that the title of her husband appears to have been a tax certificate of the tax collector of Mobile county, showing a sale of said land for taxes, assessed against owners unknown, due on the property, and certifying that the said William McGill purchased it at such sale. It is not shown that the said McGills were ever in possession of, or exercised any acts of ownership over, the property. It further appears that Harriet McGill died in 1896.

[Vidmer v. Lloyd.]

We are reasonably satisfied from the evidence in the record that Adele Rabby and her husband J. M. Rabby, late in 1869 or early in 1870, after having been in possession of the property only since the year 1866, moved therefrom and established another home some six miles distant, and that upon their abandonment of these premises, and almost immediately thereafter, complainant, Thomas L. Lloyd, went into possession of the property and, to use the expression of the witness, "squatted" thereon, and that the said Lloyd has been in the open, notorious, visible, and adverse possession of the said property from that time to the present day, and that he did not acquire possession from either of the said Rabbys, but merely "took possession." We are convinced that Adele Rabby never again occupied this property, or exercised any ownership over it, and that she died while making her home at the place to which they removed, as stated.

We are further of the opinion that the evidence sufficiently establishes the facts that the complainant purchased from J. M. Rabby under a contract whereby he was to acquire a "clear title"; that these negotiations were had while complainant was in possession of the property, and when he was aware of the fact that Adele Rabby had only a deed from one claiming a life estate, and was therefore in no position to convey a good title; and that J. M. Rabby agreed for a consideration of $900, to acquire a "clear title," and convey the same to complainant. We are persuaded that this contract was made with J. M. Rabby, and not with Adele Rabby and that the full purchase price was paid prior to the death of Adele Rabby, and at which time complainant was in the open and adverse possession of the property.

In December, 1870, a deed was executed to the said Adele Rabby to a large portion of said land by William Vickers, W. H. Sadler, and Thomas J. Riley. There is nothing to connect these parties with the title to the said land; they were never in possession of it and Adele Rabby was not in possession at the time the deed was executed; but complainant was occupying and claiming the land. So far as the documentary evidence is concerned no title which would avail these respondents is shown in Adele Rabby. Respondents therefore are put to proof of actual prior possession by Adele Rabby and this they establish by proof of such possession under color of title of the McGill deed.

(5,6)  Speaking to the reason of the rule which permits a recovery upon proof of actual prior possession, this court, in the case of *L. & N. R. R. Co. v. Philyaw*, 88 Ala. 264, 6 South. 837, said: "Recovery is not allowed upon prior possession per se, strictly speaking, but on the title which prior possession evidences. It is a basis of recovery against a trespasser, not because of the abstract fact that the plaintiff has previously occupied the land, but because of the presumption of title in the plaintiff which that fact raises. That against a bare trespasser such possession is sufficient proof of title is the true meaning of the rule; and title once shown to exist, whether by the probative force of occupancy or otherwise, it is presumed—conclusively against such trespasser—to continue. It is not conceivable how, consistently with the well-established presumption of the continuance of title once shown, inquiry as to the period covered by prior posession, or as to the point at which it determined, can become material.—*Clements v. Hays*, 76 Ala. 280."

The reasoning of this rule being founded upon the presumption of title in the plaintiff because of such

actual possession, it is difficult to see, that, under the facts of this case, the rule would be of any avail to respondents, as showing any fee-simple title in Adele Rabby under the proof that her title at that time was only a quitclaim deed from one owning only a life estate, and which life estate has terminated.

(7)   The fact that Adele Rabby's grantor, Harriet McGill, held only a life estate does not appear to have been presented to the court when the cause was here on former appeal, and no mention thereof is found in the opinion or in the report of the case.—*Vidmer v. Lloyd supra.*   The conveyance by the life tenant, though it may purport to convey the fee, was effective only to pass the life estate of the grantor.— *Winter v. Powell,* 180 Ala. 425, 61 South. 96; *Hall v. Condon,* 164 Ala. 393, 51 South. 20; *Kidd v. Borum,* 181 Ala. 61 South. 100; *Dallas Compress Co. v. Smith,* 190 Ala. 423, 67 South. 289.   Therefore proof of possession of Adele Rabby, under the deed from Harriet McGill as color of title, would not create a presumption of title beyond that possessed by the grantor, which was a life estate only.

The situation in this aspect of the case is, therefore, that Adele Rabby is shown to be in possession under a quitclaim deed from a life tenant, and which life estate fell in, in 1896, the year Harriet McGill died, and the open, notorious adverse possession of complainant has continued from that time until the present. The deed to Adele Rabby, executed by Vickers, Sadler and Riley in 1870, can be of no service to respondents, as these parties are shown not to have had any title to the property, but rather the contrary appears, and are shown never to have had possession; nor to have exercised any act of ownership over the same, and at the time of ex-

ecution of the deeds Adele Rabby was not in possession, but complainant was in possession under claim of ownership.

Therefore the only title to look to, so far as Adele Rabby is concerned, is the deed of the life tenant, Harriet McGill, and so far as that title is concerned it would appear to rest in residuary legatees of the will of William McGill named therein; and as the life tenant, Harriet McGill, died in 1896, they would seem to have long since been barred, so far as this record discloses, by the statute of limitation of 10 years. Indeed, if they or their heirs are parties to this suit, they have offered no resistance to the relief here sought. It therefore appears that the title of Adele Rabby, as shown by the respondents, falls of its own weight. It would further appear, however, that complainant, under the view we have taken of the evidence as herein expressed, is entitled to the relief upon still another theory.

(9) As hereinbefore stated, we are persuaded that complainant purchased from J. M. Rabby under a contract whereby he was to acquire a "clear title"; that these negotiations were had while complainant was in possession of the property, and when he was aware of the fact that Adele Rabby had only a deed from one claiming a life estate, and who was, therefore, not in a position to convey a good title; that J. M. Rabby agreed for a consideration of $900 to acquire a "clear title" and convey same to complainant; that this contract was made with J. M. Rabby, and not with Adele Rabby; and that the full purchase price was paid prior to the death of Adele Rabby, at which time complainant was in the open and adverse possession of the property. In short, we conclude that complainant had a perfect equity under said contract of purchase, the full price having

been paid, and he being in adverse possession at the time, that such adverse possession began to run against Adele Rabby in her lifetime, and that such adverse possession of complainant has been continuous and unbroken to this time.

The contract having been made with J. M. Rabby for a clear title, the consideration for which was paid in full by complainant during the lifetime of Adele Rabby, we are unable to see how the fact that the deed from J. M. Rabby was executed after the death of his wife should conclude the complainant as having purchased only a life estate. Under these facts, and the complainant having received possession from neither J. M. nor Adele Rabby, we do not see that any question of estoppel can here militate against him. He bargained and paid for the full title, and under the claim of ownership had been in the adverse possession of the property for more than 40 years.

The evidence in this record not only fails to show that complainant was purchasing only a life estate, but, on the contrary, refutes such a theory in every particular. The title thus acquired by complainant, by this long-continued adverse possession, has not been overcome by the respondents. We therefore conclude that, from either aspect here discussed, without reference to other reasons urged, complainant was entitled to relief. The decree appealed from is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.