**GRIFFIN et al. v. HALE et al.**

**No. 4729.**

Court of Civil Appeals of Texas. Texarkana.

July 8, 1935.

Rehearing Denied Sept. 12, 1935.

D. B. Chapin and Edward A. Brown, both of Longview, for appellants.

McGee & Head, of Kilgore, Walace Hawkins, W. H. Francis, and A. S. Hardwicke, all of Dallas, Edwin Lacy, Angus G. Wynne and Saye, Smead & Saye, all of Longview, P. O. Beard, of Marshall, Lawrence Treadwell, of Corsicana, Jeff D. Farish of Houston, and Phillips, Trammell, Chizum, Estes & Edwards, of Fort Worth, for appellees.

SELLERS, Justice.

Maggie G. Hart, joined by her husband, Ernest F. Hart, Annie G. Casper, a widow, and J. P. Griffin brought this suit in trespass to try title against H. P. Hale and the Magnolia Petroleum Company. The land involved is fifty acres of the Mary Van Winkle survey located in Gregg county. The plaintiffs in their petition specifically pleaded their title to the land. The defendants interposed a general demurrer to plaintiffs' petition which was sustained by the court, and plaintiffs refusing to amend, their suit was dismissed. To this ruling and judgment of the court, plaintiffs excepted and have duly prosecuted this appeal.

The appeal involves but one question, and that question is to determine who under the will of T. M. Griffin, Sr., received the fee-simple title to the land involved. The will of T. M. Griffin, Sr., is as follows:

"State of Mississippi, County of Hines,

"Know all men by these presents that I, T. M. Griffin, of said above County and State, considering the uncertainty of this life and being of sound mind and memory do hereby authorize and call on O. P. Lockhart now by my bedside to put in writing my last will and testament (feeling too feeble to set up and write myself) and as follows:

"I want my wife S. P. Griffin at my death to take into her possession and to keep as long as she lives all of my property both personal and real in the State and County above named. Also all of my property both real and personal being in the State of Texas and County of Rusk & Gregg and I do by these presents will and bequeath unto S. P. Griffin my wife all the rights and immunities to the above different properties to hold and to keep as hers undivided so

long as she lives, the said S. P. Griffin my wife to be administratrix on the above mentioned properties, and should she die (S. P. Griffin) before ——— nephew T. M. Griffin now living with us and has been for the last six years and should he my nephew T. M. Griffin continue to live with her until her death (his aunt S. P. Griffin my wife) then and in this event I do by these presents will and bequeath unto the said T. M. Griffin my nephew all the rights and immunities to the different properties herein willed and bequeathed to my wife S. P. Griffin, he T. M. Griffin my nephew to hold and to keep as his own individual property and to remain his undisturbed so long as he lives then at his death his heir or heirs shall take the property as hereinbefore willed and bequeathed but in the event the said T. M. Griffin my nephew dies without an heir or heirs then his nearest heir or heirs at law to take and keep the said property as hereinbefore willed and bequeathed.

"I want T. M. Griffin my nephew in the event of my wife's death to be my executor.

"I want the probate court to have nothing to do with this will further than to prove and probate the same.

"I want my nephew T. M. Griffin to act as Executor without giving bond.

"Now in testimony whereunto I have set my hand and affixed my scroll by way of seal this 30th day of Sept. 1878.

"Thos. M. Griffin [Seal]

"Attest: O. P. Lockhart,
"John Taylor.
"Simon White."

The plaintiffs, after setting out in their petition the above will, further alleged:

"Plaintiffs further show that at the time of the execution of said will last aforesaid, an epidemic of Yellow Fever was raging throughout the section of the state wherein said testator resided; that at the time of the execution of said will said testator and his wife had no children, and his family consisted of himself, his said wife, and his nephew, T. M. Griffin (hereinafter called T. M. Griffin, Jr.) and said nephew's wife and their infant child, named Maggie Griffin, who was born on July 4th, 1878, now the wife of Ernest F. Hart, and one of the plaintiffs herein.

"Plaintiffs further show that immediately after the execution of said last will aforesaid, said T. M. Griffin, Sr., departed this life from the effects of Yellow Fever; that he died at his home in Hines County, State of Mississippi; that at said time he was seized and possessed of all the properties described in paragraph 6 of this petition.
* * *

"Plaintiffs further show that said S. P. Griffin, wife of said T. M. Griffin, Sr., also died of the Yellow Fever on the day following the death of her husband, as aforesaid; that at said time said nephew T. M. Griffin, Jr., together with his said wife and baby girl, said Maggie Griffin, were living with said S. P. Griffin and had been so living with her during all said time.

"Plaintiffs further aver that in said will last above, said testator used the words 'heir or heirs,' in the sense of 'child' or 'children,' and employed the words 'his nearest heir or heirs at law,' as descriptio personarum of the person or persons to take said property in the event said nephew died without leaving surviving him a child or children."

T. M. Griffin, Jr., before his death in 1903 conveyed the land by warranty deed, and appellees herein claim title through and under this conveyance by T. M. Griffin, Jr.; while appellants, who are all of the children of T. M. Griffin, Jr., contend that the will of T. M. Griffin, Sr., gave them the fee-simple title to the land as remaindermen on the death of T. M. Griffin, Jr.

■ Passing for the moment the question of the intention of the testator in using the words "heir" and "heirs" in his will and giving these words their technical meaning as denoting those who are to take by inheritance, it is, in our opinion, too clear for argument that the rule in Shelley's Case applies and T. M. Griffin, Jr., took under the will a fee-simple title to the land involved. 14 Tex. Jur. § 164; Hardage et al. v. Stroope, 58 Ark. 303, 24 S. W. 490. On the other hand, if it was not the intention of the testator to use the words "heir" or "heirs" in their full and proper sense and to include the whole of T. M. Griffin, Jr.'s, inheritable blood, but was to use the words in a limited, restricted, and untechnical sense, then the rule in Shelley's Case does not apply. Shugart v. Shugart (Tex. Com. App.) 248 S. W. 328.

■ It is well settled that the intention of the testator must in all cases be ascertained from the meaning of the words used in the will and from those words alone, but extraneous evidence of the circumstances surrounding the testator at the time of the execution of the will is admissible and may be considered to ascertain the sense in which such words were used. Darragh v. Barmore (Tex. Com. App.) 242 S. W. 714,

717. Another rule of construction followed by the courts of this state is that where, as in this case, there is a provision that upon a certain contingency the estate given shall pass to another, the law favors the first taker and will construe the words of the will to grant to the first taker the greatest estate which they by a fair construction in harmony with the will as a whole are capable of passing. Hughes v. Titterington (Tex. Civ. App.) 168 S. W. 45; Hancock v. Butler, 21 Tex. 804. It is also held that where the language of the will is plain and unambiguous the court cannot give a meaning different from that warranted by its words merely for the purpose of carrying into effect a conjecture or hypothesis as to the testator's intention by changing such language. McMullen v. Sims (Tex. Com. App.) 37 S.W.(2d) 141.

■ Giving effect to the above rule of construction, we are of the opinion that the testator intended to use words "heir" or "heirs" in his will in their technical sense as denoting those that would inherit the property on the death of T. M. Griffin, Jr., rather than in the restricted sense of "child" or "children" as contended for by appel-. lants for it is impossible not to think that the testator had in his mind to substantially benefit his nephew who for six years had been living with them and on whom he imposed the burden of continuing to live with the testator's surviving wife until her death. Therefore, T. M. Griffin, Jr., took a fee-simple title to the land involved under the will of T. M. Griffin, Sr., and since appellees claim under such title, they would, as found by the trial court, prevail in this suit.

The judgment of the trial court is affirmed.