### GRIFFIN et al. v. REYNOLDS.

#### No. 5036.

Court of Civil Appeals of Texas. Texarkana.

June 2, 1937.

Rehearing Denied June 10, 1937.

Edward A. Brown and D. B. Chapin, both of Longview, for appellants.

Lee, Porter & Latham, of Longview, Phillips, Trammell, Chizum, Estes & Edwards, of Ft. Worth, and Dudley, Hyde, Duvall & Dudley, of Oklahoma City, Okl., for appellee.

JOHNSON, Chief Justice.

Appellants, J. P. Griffin, Annie L. Cosper, and Maggie Griffin Hart, joined pro forma by her husband, Ernest F. Hart, claiming to be devisees under the will of T. M. Griffin, Sr., filed this suit September 20, 1933, in the district court of Gregg county, against J. S. Elder and a number of other persons including appellee, Roy A. Reynolds, to recover title and possession of a certain 150-acre tract of land, a part of the Mary Van Winkle survey, in Gregg county, and for damages occasioned by the removal of mineral substances from the land. The cause was styled J. P. Griffin et al. v. J. S. Elder et al., and numbered 8813–A on the docket of said court. On motion of defendant Roy A. Reynolds, plaintiffs' cause against him was severed from the original suit and the severed cause as against Roy A. Reynolds was separately docketed and given the number 8813–A1 on the docket of said court.

Plaintiffs pleaded their title specially. In so far as necessary to mention, the petition alleges that T. M. Griffin, deceased 1878 (referred to as T. M. Griffin, Sr.) is the common source of title. That under the will of said T. M. Griffin, Sr., his nephew whose name was also T. M. Griffin (referred to as T. M. Griffin, Jr.), acquired a life estate in the land, with remainder to his heirs. That plaintiffs are the children and sole heirs of said T. M. Griffin, Jr., deceased 1903. That defendants claim title by mesne conveyances from and under T. M. Griffin, Jr. That upon the death of T. M. Griffin, Jr., the estate held by defendants and those under whom they claim terminated, and since which time their possession has been that of tenants at sufferance of plaintiffs, the remaindermen.

Defendant Roy A. Reynolds, claiming to be the owner of seven-eighths of the minerals in and under a certain 20.91-acre tract forming a segregated part of the 150-acre tract described in plaintiffs' petition, filed an answer pleading not guilty, and the three, five, and ten years' statutes of limitation, and improvements in good faith, and a cross-action against plaintiffs to recover the mineral interest claimed by him in said 20.91 acre tract, specially pleading in support of his cross-action the three, five, ten, and twenty-five years' statutes of limitation.

Trial of the severed cause against Roy A. Reynolds was to the court without a jury upon an agreed statement of facts, and resulted in judgment that plaintiffs take nothing by their suit against Roy A. Reynolds, and that Roy A. Reynolds recover of plaintiffs the mineral interest claimed by him in the 20.91-acre tract described. Plaintiffs have appealed.

The appeal presents two issues of law:

(1) Did the will of T. M. Griffin, Sr., pass a fee-simple title in the land to his nephew, T. M. Griffin, Jr., or did it pass only a life estate to said T. M. Griffin, Jr., with remainder to appellants, his sole heirs?

(2) In the event the will of T. M. Griffin, Sr., passed only a life estate to T. M. Griffin, Jr., with remainder to appellants, has limitation run against appellants in favor of appellee under the agreed facts?

The first issue was answered by this court in the companion case of Griffin et al. v. Hale et al., 87 S.W.(2d) 497, to which reference is here made. In that case we held that T. M. Griffin, Jr., acquired a fee-simple title to the land under the will of T. M. Griffin, Sr. We think that is a proper construction of the will. However, a writ of error was granted upon our holding and the cause is now pending in the Supreme Court. If the issue controlled the disposition of this appeal, we would feel it proper to pass this case until the question shall have been settled by decision of the Supreme Court in the Hale Case. But upon examination of the record we have concluded, regardless of whether T. M. Griffin, Jr., acquired a fee-simple title or a life estate only in the land, that the judgment of the trial court in this case is sustained in the agreed facts under the issue of limitation, hence we would not be warranted in denying appellee disposition of this appeal in its regular order.

For the purpose of disposing of the issue of limitation in this case it will be assumed that T. M. Griffin, Jr., acquired a life estate only with remainder in fee to appellants, his sole heirs, under the will of T. M. Griffin, Sr.

The agreed statement of facts shows that on September 30, 1878, T. M. Griffin, Sr., a resident citizen of Hinds county, state of Mississippi, was seized and possessed of the 150 acres of land, and other lands in Texas. On that date T. M. Griffin, Sr., executed his

last will and testament. A copy of the will is contained in the record and is the same as copied in the opinion in Griffin v. Hale, supra, to which we here refer. T. M. Griffin died immediately after executing the will. His wife, S. P. Griffin, died the following day. The will was duly probated in Hinds county, Miss., October 11, 1878. A certified copy of the will duly attested was filed and recorded in the deed records of Gregg county, Tex., April 19, 1904. T. M. Griffin, Jr., died October 31, 1903. The sole heirs of T. M. Griffin, Jr., are appellants, Maggie Griffin Hart, a daughter, born July 4, 1878; Annie L. Griffin Cosper, a daughter, born June 10, 1880; and J. P. Griffin, a son, born April 10, 1882.

Upon probate of the will in 1878, T. M. Griffin, Jr., took possession of the 150-acre tract of land together with other lands belonging to the estate of T. M. Griffin, Sr. December 2, 1880, T. M. Griffin, Jr., conveyed the 150-acre tract to W. S. Barnett. December 6, 1887, W. S. Barnett conveyed the tract to S. S. Barnett and H. W. Culver. December 22, 1892, S. S. Barnett and H. W. Culver conveyed same to George Utzman. January 6, 1908, George Utzman and wife conveyed same to R. H. Rowland. October 30, 1925, R. H. Rowland conveyed one-half undivided interest in same to his children, named in the deed, and later R. H. Rowland and his children conveyed same to J. S. and Frank Elder, under whom appellee, Roy A. Reynolds, holds an oil and gas lease conveying seven-eighths of the oil and gas in and under 20.91 acres of the 150-acre tract. Each of the above conveyances was by warranty deed, duly recorded in deed records of Gregg county, Tex.

The agreed facts further show that Roy A. Reynolds and his predecessors, claiming title by regular chain of warranty from and under T. M. Griffin, Jr., have by actual and visible occupancy, use, and enjoyment, held peaceable, open, notorious, exclusive possession of the land continuously without interruption for a period of forty years since the conveyances by the alleged life tenant, T. M. Griffin, Jr., and prior to the filing of this suit in 1933, and likewise for a period of thirty years since the death of the said T. M. Griffin, Jr., during which time no claim was made to the premises by appellants and no suit was instituted for recovery thereof prior to this suit; and during all of which time the land was kept under fence and used for farm purposes and the taxes were duly paid by said claimants

■ The contention made by appellants that limitation has not barred their claim, in substance, is as follows:

That when T. M. Griffin, Jr., the life tenant, conveyed to W. S. Barnett by warranty deed, it constituted W. S. Barnett a tenant per autre vie. Also S. S. Barnett and H. W. Culver were tenants per autre vie through their warranty deed from W. S. Barnett. Likewise George Utzman became a tenant per autre vie through the warranty deed from Barnett and Culver to him; and that when T. M. Griffin, Jr., died in 1903, George Utzman then became as a matter of law a tenant at sufferance of appellants, the remaindermen; that each of the successors in title of George Utzman were tenants at sufferance, and, being tenants at sufferance, could not acquire title by limitation against appellants without showing that they had given appellants notice of the repudiation of the tenancy.

The contention is not sustained. Where, as here, the claimant enters and continues in possession not in recognition of the estate of the remainderman, but under a warranty deed of record from the life tenant purporting a purchase and conveyance of the whole estate in fee simple, limitation against the remainderman commences to run at the time of the death of the life tenant. Barkley v. Gibbs (Tex.Civ.App.) 233 S.W. 134; Gibbs v. Barkley (Tex.Com.App.) 242 S.W. 462; Olsen v. Grelle (Tex.Com.App.) 228 S.W. 927; Rae v. Baker (Tex.Civ.App.) 38 S.W. (2d) 366; 2 Tex.Jur. 28 § 11; 21 Cor.Jur. 975, § 125; Elder v. McClaskey (C.C.A.) 70 F. 529; Horan v. O'Connell (Tex.Civ.App.) 144 S.W. 1048; Vidmer v. Lloyd, 193 Ala. 386, 69 So. 480, Ann.Cas.1917A, 576; Mann v. Mann, 141 Cal. 326, 74 P. 995; Maring v. Meeker, 263 Ill. 136, 105 N.E. 31; Knickerbocker v. Bangs, 93 Kan. 733, 145 P. 820; Kopp v. Herrman, 82 Md. 339, 33 A. 646; Mansfield v. Neff, 43 Utah, 258, 134 P. 1160; Tiffany on Landlord & Tenant, p. 147.

■ If we are in error in the above holding and should it be held, as contended, that a claimant holding under a warranty deed from a life tenant and holding over after the death of the life tenant is a tenant at sufferance and that because he is a tenant at sufferance he cannot hold adversely to the remainderman without first repudiating the tenancy and giving the remainderman notice of such repudiation and adverse holding there is another reason remaining in the facts of this case for sustaining appel-

lee's plea of limitation. George Utzman was holding by regular chain of warranty deeds from and under T. M. Griffin, Jr., the life tenant, at the time T. M. Griffin, Jr., died October 31, 1903. George Utzman conveyed by warranty deed to R. H. Rowland January 6, 1908. It is agreed that Rowland immediately went into possession and that he and his grantees down to and including appellee have continuously occupied the land, using and claiming it openly and notoriously to the date of filing of this suit, a period of approximately twenty-five years, with their deeds duly recorded and all taxes paid. The relation of landlord and tenant is not created, nor does the law impose the relation of tenancy at sufferance upon a claimant who, after the death of the life tenant, purchased by warranty deed from one holding by warranty deed from the life tenant. 35 Cor.Jur. 1135, §§ 370, 371; Tiedman on Real Property (2 Ed.) p. 228, § 171; Washburn on Real Property (5th Ed.) vol. 1, p. 654. In Tiedman, supra, it is said: "The tenant at sufferance has, however, no estate which he may assign, and if he attempts an assignment, his assignee upon entry into possession becomes a trespasser or disseizor, and has neither the right nor the obligation of a tenant at sufferance."

▮▮ Finally, if we are mistaken in each of the above holdings, and should it be held that appellee and his predecessors in title were tenants at sufferance of appellants and that notice of the repudiation of the tenancy and adverse holding of appellee and those under whom he claims are required before limitation would commence to run against appellants, the judgment of the trial court is not without proper support on the question of such notice. Assuming that George Utzman, after the death of T. M. Griffin, Jr., in 1903, became the tenant at sufferance of appellants, the remaindermen, his conveyance to R. H. Rowland of the fee-simple title by warranty deed on January 6, 1908, was a repudiation of such tenancy. The deed was duly recorded January 6, 1908. Rowland immediately went into possession under the deed. Rowland's possession and the recording of the deed, taken together, gave appellants constructive notice of the hostile character of his claim. Jones v. Siler (Tex. Com.App.) 100 S.W.(2d) 352. The possession of Rowland and those claiming under him down to and including appellee was open, notorious, exclusive, and inconsistent with the existence of any title except that claimed by themselves, for a period of ap-

proximately twenty-five years. In Moore v. Knight (Tex.Com.App.) 94 S.W.(2d) 1137, 1139, it is said: "It is not necessary that actual notice of an adverse holding and disseizin be brought home to a cotenant. Such notice may be constructive, and will be presumed to have been brought home to the cotenant when the adverse occupancy and claim of title is so long-continued, open, notorious, exclusive, and inconsistent with the existence of title in others, except the occupant, that the law will raise the inference of notice to the cotenant out of possession; or the jury may rightfully presume such notice."

The judgment is affirmed.