[L. A. No. 759. Department Two.—December 29, 1900.]

## CITIZENS' BANK OF LOS ANGELES, Respondent, v. LOS ANGELES IRON AND STEEL COMPANY et al., Appellants.

TRUST DEED—OUTSTANDING BONDS — FORECLOSURE BY SINGLE BOND-HOLDER—REFUSAL OF TRUSTEE—PROVISION FOR MAJORITY REQUEST—RIGHTS OF MINORITY.—Where a trust deed secures the payment of many outstanding bonds and coupons, any single bondholder may sue to foreclose the deed of trust for nonpayment of interest, upon refusal of the trustee to do so after request upon him, although, by the terms of the trust deed, the trustee is only authorized to act upon written request of a majority of the bondholders. The majority cannot deprive the minority of the remedy of foreclosure, if there is no provision in the deed of trust placing such a limitation upon their rights.

ID.—OWNERSHIP AT TIME OF DEMAND UPON TRUSTEE—PLEADING—DEMURRER OF DEBTOR FOR UNCERTAINTY—JUDGMENT UPON MERITS.—Where the complaint of the bondholder alleged present ownership of the bonds and coupons when the complaint was filed, the overruling of a demurrer of the corporation debtor for uncertainty and ambiguity, in not averring what number of bonds and coupons were owned by plaintiff when the alleged prior demand was made upon the trustee to bring the suit, is not ground for reversing a judgment of foreclosure rendered after issue joined upon the merits, upon appeal therefrom by the corporation debtor.

ID.—DEMAND FOR INTEREST—PROVISIONS IN DEED OF TRUST—GENERAL DEMURRER OF DEBTOR.—Where the complaint of the bondholder alleged a demand for interest made more than six months before the commencement of the action, and the record shows that the interest was in default for over two years prior to the demand to bring the suit, objections, based upon provisions in the deed of trust, that the complaint does not show a demand for interest before the demand upon the trustee to sue, nor that interest was then due for six months, nor that the trustee was then informed that interest was unpaid, are not available upon general demurrer interposed by the corporation debtor.

ID.—DEMAND FOR INTEREST AS AGAINST DEBTOR.—No demand upon the corporation debtor was necessary in order to justify the action as against it, the commencement of the suit being all the demand required.

ID.—MATTERS OF DEFENSE RELATING TO DEMAND.—If the plaintiff did not own any bonds at the time of his demand for interest, or

of his demand upon the trustee to bring the suit, or if any demand alleged was improperly made, or was made of the wrong person, such matters would be matters of defense, and would not be available upon demurrer.

Id.—Offer of Indemnity to Trustee—Absence of Demand.—Where the deed of trust provided for satisfactory indemnity to the trustee for proposed action by him, upon request of a majority of the bondholders, an individual bondholder is not required to offer indemnity to the trustee upon demand made upon him to bring the action, if no demand for indemnity was made upon him by the trustee.

Id.—Unknown Bondholders—Action for Benefit of All—Appearance—Provision in Decree—Appeal of Debtor.—Where the complaint of the single bondholder alleged ignorance of the number and ownership of the outstanding bonds, and prayed an accounting thereof, and alleged the refusal of the trustee to bring the action, it is in effect for the benefit of all the bondholders, and if they all appeared, and surrendered their bonds and coupons, and were provided for in the decree of foreclosure, it will not be reversed upon appeal of the corporation debtor for technical objections not affecting its substantial rights.

Id.—Unknown Bondholders—Action for Benefit of All—Appearance—Decree—Appeal of Debtor not Aggrieved—Affirmance Where the complaint of the single bondholder alleged ignorance of the number and ownership of the outstanding bonds, and prayed an accounting thereof, and the corporation trustee answered alleging like ignorance, and that it had refused to bring the action because the majority of the bondholders had not requested it, the action is in effect for the benefit of all the bondholders, and if they all appeared at the trial and surrendered their bonds and coupons, and were provided for in the decree of foreclosure, it will be affirmed upon appeal of the corporation debtor, whose substantial rights have not been injuriously affected by any rulings complained of, and all of whose interests appear by the record to have passed to a purchaser at receiver's sale, who appeared in the action adversely to the appellant.

Id.—Appellant not Aggrieved—Transfer of Interest.—The corporation debtor cannot be aggrieved or injuriously affected by the overruling of its demurrers, where the record shows that all of its interests have passed to a purchaser at receiver's sale, who appeared in the action adversely to the appellant, and is recognized in the decree as its successor in interest.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lucien Shaw, Judge.

The facts are stated in the opinion.

.W. B. Mathews, and Charles H. McFarland, for Appellants.

F. W. Burnett, and Works & Lee, for Respondent.

CHIPMAN, C.—Foreclosure of deed of trust. Plaintiff had judgment, from which the defendant, the Los Angeles Iron and Steel Company, appeals. The only question presented relates to the correctness of the order overruling the demurrer of defendant and appellant, the steel company.

On May 1, 1894, the steel company executed a trust deed to the National Trust Company, as trustee, to secure the payment of the principal and interest of certain bonds amounting to thirty thousand dollars, payable in ten years, and interest coupons payable semi-annually. On September 25, 1897, plaintiff brought this action, alleging that it was the owner of five thousand dollars of these bonds and of the attached coupons maturing May 1, 1895, and thereafter; foreclosure was asked for the unpaid interest only, but the complaint was framed so as to authorize the sale of the entire mortgaged property under section 728 of the Code of Civil Procedure. It was alleged that plaintiff was ignorant of the number of the bonds outstanding and the owners thereof; that the trustee had been requested to bring the suit, but had refused to do so, and that payment of the coupons had been demanded more than six months prior to the commencement of the action. An accounting was asked as to the number and ownership of the outstanding bonds and coupons.

1. The only alleged ground of ambiguity or uncertainty is that the complaint fails to show what proportion of the bonds alleged therein to have been issued by the steel company is owned and held by plaintiff, or was so held at the time it demanded of the National Trust Company, trustee under the deed of trust, to bring the suit to foreclose. This demand was made August 15, 1897, and the complaint was filed September 25, 1897, and the allegation is that plaintiff "is the owner"— i. e., was the owner—at the filing of the complaint.

Whether plaintiff in fact owned any bonds at the time it made the demand of the trustee to bring the suit, and, if so, how many, might be important as matter of defense should its

ownership at that time be denied. But we do not think the failure to allege that plaintiff made known to the trustee the number of bonds held by plaintiff when the demand was made would be such uncertainty as would justify a reversal of the judgment. The complaint did allege the fact of ownership of certain described bonds; the trustee was made a party defendant and answered, and in its answer it stated that it refused to bring the suit for the sole reason that a majority of the bondholders had not in writing requested it to bring the suit. Defendant and appellant, the steel company, answered the complaint denying plaintiff's ownership of any bonds, and this issue was determined at the trial, and the fact was found to be that plaintiff was the owner of certain bonds and coupons as alleged in the complaint. A judgment on the merits will not be reversed on a demurrer for uncertainty and ambiguity under the circumstances as disclosed here.

2. Objection is made, presumably in support of the general demurrer, that there is no allegation in the complaint that demand for interest was made before demand on the trustee to bring the suit; no allegation that the interest had been due six months prior to demand upon the trustee; no allegation that the trustee had been informed, when he refused to bring the suit, that interest had not been paid, or that plaintiff owned the bonds, or that a majority of the bondholders had requested the trustee to bring the suit, or that an indemnity bond had been offered the trustee. These objections relate to provisions found in the bond or in the deed of trust. There was no demurrer for uncertainty in respect to these matters. The point of the general demurrer seems to be that the showing is insufficient to justify the plaintiff in bringing the action, thus taking the control of the matter out of the hands of the trustee. It appears, however, that the trustee answered alleging that the ownership of the bonds was unknown to it and admitting that it had been called upon to bring the suit and that it refused, as already stated, for the sole reason that a majority of the bondholders had not made a written request for it to bring the action. It appears from the decree that all outstanding bonds and coupons were brought forward by their

respective owners at the trial, and all the bondholders concurred in the action and were provided for in the decree, and none of them appeals, nor does the trustee, and that default in the payment of interest had continued for over two years prior to request on the trustee to bring the suit.   No demand was made by the trustee for indemnity, and an offer of indemnity to him was, therefore, not necessary.   Plaintiff could not allege the several ownerships of the bonds, for, as shown by the complaint, plaintiff did not know who were the owners, but plaintiff in effect brought the action for the benefit of all bondholders, and, as we have seen, they were all ascertained at the trial and they surrendered their bonds and coupons.   As to alleging demand upon the steel company for payment, demand was alleged and that such demand was made more than six months prior to commencing the action.   But no demand on the steel company was necessary, so far as it was concerned (Civ. Code, sec. 3130), the suit being all the demand required. (*Cousins v. Partridge,* 79 Cal. 224; *Jones v. Nicholl,* 82 Cal. 32.) Furthermore, as demand was in fact alleged, a failure to state of whom made, or that the demand was made improperly or of the wrong person, would be matter of defense.

Appellant's principal contention is that a single bondholder cannot bring the suit without having shown that the trustee has arbitrarily and unlawfully refused to act.   (Citing *General Elec. Co. v. Le Grande Edison Elec. Co.,* 79 Fed. Rep. 25; 87 Fed. Rep. 590, and other cases.)

It is well settled, I think, that any holder of unpaid coupons may sue upon refusal of the trustee to do so after request upon him.   (*Chicago etc. Ry. Co. v. Fosdick,* 106 U. S. 47, and cases last above cited.)   The cases cited by appellant do not require that the refusal of the trustee must appear to have been arbitrary or unlawful.   Where the deed authorizes the trustee to proceed upon the written request of a majority of the bondholders, it is held in those cases that he cannot act without such petition.   But the bondholder has a right of action upon showing that the trustee has refused to bring the suit, even though the trustee may have been justified, under the provisions of the deed, in refusing.   If this were not so, it would result in placing

the same limitation on the right of the individual bondholder to bring the action as is placed on the trustee—namely, the written request of a majority of the bondholders—and this would practically make it possible for a majority to deprive the minority of the remedy of foreclosure altogether. There is no provision in the deed of trust authorizing any such limitation upon the bondholder's rights.

Apart from the foregoing, as we have seen, it appeared that all the parties interested in the action, including the trustee, were before the court, and the bondholders not parties came in and surrendered to the court their bonds and coupons. Besides, it was made to appear by the answer of R. H. Herron, who was permitted to answer as a defendant, that he became the owner of all of the steel company's property at a receiver's sale, and the decree refers to him as the successor in interest of appellant. This answer was treated as a cross-complaint and was served on defendant, the steel company, and was not answered by it. The substantial rights of appellant have in no wise been injuriously affected, and no good purpose can be subserved by a retrial of the case.

The judgment should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Henshaw, J., McFarland, J., Temple, J.