[Civ. No. 118.   Second Appellate District.—January 3, 1906.]

E. HENRY WAY, Appellant, v. MAYBELLE F. SHAVER, HELEN BYRON GRIFFITHS et al., Respondents.

ENFORCEMENT OF TRUST BY CREDITOR—DEFECTIVE COMPLAINT AIDED BY ANSWER—IMPROPER JUDGMENT UPON PLEADINGS.—In an action by a creditor as a beneficiary to enforce a trust, though the complaint was defective in not averring that the trustee denied the trust or had refused upon demand to carry it out, or that defendant had notice of plaintiff's claim, yet when the answer denied the trust for plaintiff and the indebtedness alleged, and pleaded a payment in satisfaction of the claim, the defective complaint was aided by the answer showing that any demand would have been unavailing, and was not therefore an essential prerequisite; and a motion by defendant for judgment upon the pleadings was improperly granted.

ID.—DEATH OF TRUSTEE—PRESENTATION OF CLAIM OF BENEFICIARY NOT REQUIRED.—The action by the creditor and beneficiary of the trust was not made a claim against the estate of the trustor by reason of the trustor's death, and no presentation of the claims against such estate was required as a condition of enforcing the trust against the living trustee, where it affirmatively appears that a sale of the trust property was authorized and that the proceeds were to be applied to the expenses of the sickness of the trustor, including plaintiff's claim, and that the residue of the proceeds was to be the property of the minor children, leaving no interest in the trustor to render necessary the presentation of any claim.

APPEAL from a judgment of the Superior Court of Riverside County. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

William G. Randall, for Appellant.

G. L. McFarland, and Purington & Adair, for Respondents.

ALLEN, J.—Action to declare a certain instrument a deed of trust executed to secure an indebtedness, and for an order of sale. Judgment for defendants upon the pleadings, from which plaintiff appeals.

The complaint avers certain unpaid indebtedness due plaintiff from one Amy Robsart Shaver contracted during the last illness of the latter; that after the same was contracted, to wit, on February 3, 1903, said Shaver conveyed the premises described by deed to defendant Helen Byron Griffiths, upon an express trust "that out of the proceeds of the said property the said Helen Byron Griffiths should pay all the expenses incurred by the said Amy Robsart Shaver during her sickness"; that on February 9th following said grantor died, leaving no estate; that thereafter, by proceedings regularly had in the superior court of Riverside county, upon the complaint of defendant Morrison, guardian of the minor children of said decedent, to which proceedings plaintiff was not a party, such property was declared to be held in trust by said Griffiths for said children; and under order of court a special commissioner conveyed the same to said guardian defendant, who, it is alleged, took such conveyance with notice of the trust in favor of the creditors. Plaintiff, therefore, prays that a trust be declared in favor of plaintiff for the amount of his claim, and that the premises be sold in satisfaction thereof. An answer was filed by defendants, denying the trust, the indebtedness, and notice of the trust by the guardian; and payment of a sum in satisfaction of plaintiff's claim was alleged.

It is claimed, upon the authority of *Hibernia Savings etc. Soc.* v. *Thornton,* 117 Cal. 481, [49 Pac. 573], that on a motion for judgment on the pleadings the allegations of the answer must be ignored and the complaint tested as upon general demurrer. Applying this test alone to the complaint,

it is insufficient to authorize the interposition of a court of equity to declare a trust; for the defendants are not averred to have denied the same, nor were there any averments that defendants had notice or knowledge of the plaintiff's claim, nor that the trustee had ever declined or refused to carry out the trust according to its terms. But the case of *Hibernia Savings etc. Soc.* v. *Thornton,* however, may be easily distinguished from the case under consideration. The doctrine of that case must be considered in the light of the facts under which the court was applying rules of law and practice. There the action was at law upon a promissory note. The answer set up the fact that it was secured by mortgage, thereby pleading, under section 726 of the Code of Civil Procedure, a complete defense at law, and the court determined that on a motion for judgment upon the pleadings the averments in relation to the mortgage found only in the answer could not be considered. The reason is obvious; the effect of the allegations of the answer were such, if true, to defeat the action, and evidence was necessary to establish the same. In this case the allegations are in aid of the complaint. In the absence of allegations that the trustee denied the trust, jurisdiction in equity to declare the same would not appear by the complaint alone; yet by this motion the court was bound to consider such admissions of the answer as would have the effect to obviate proof of particular matters on plaintiff's part, and if the complaint, coupled with such admissions, conferred jurisdiction in equity to declare a trust, the motion for a judgment should have been denied. Treating the complaint as one for the foreclosure of a deed of trust given to secure an indebtedness, and applying the same rules, we find that there was no demand upon the trustee to enforce the trust, nor any refusal so to do, nor any facts from which it might be inferred, nor any notice or knowledge of plaintiff's claim is averred, without which averments a complaint would be insufficient in an action brought by a beneficiary to enforce a trust. (*Citizens' Bank* v. *Los Angeles etc. Co.,* 131 Cal. 190, [82 Am. St. Rep. 341, 63 Pac. 462].) Yet the answer again comes to the relief of the complaint and admits knowledge of the claim, denies the validity thereof and pleads payment, the effect of which allegations is to admit that a formal demand would have been unavailing, and therefore

not an essential prerequisite. (*Smith* v. *Dorn,* 96 Cal. 73, [30 Pac. 1024].)

The position of counsel for respondent that the claim should be presented against the estate as a condition precedent to the action cannot be maintained, as the action is not sought against the estate, or any property belonging thereto. It affirmatively appears from the complaint that the proceeds were to be applied in a certain direction, which of necessity gives authority for a sale that such proceeds might be produced; hence no interest in the specific property was retained. And it further appears from the complaint that any excess has been determined the property of the defendant minors; so, under no condition can the estate of the grantor be affected by the judgment. Hence, no presentation of the claim was necessary.

We are of opinion that the court erred in granting judgment upon the pleadings, and the judgment is reversed and cause remanded for further proceedings.

Gray, P. J., and Smith, J., concurred.