[Civ. No. 3162. Second Appellate District, Division Two.—January 29, 1920.]

SIERRA PAPER COMPANY (a Corporation), Appellant, v. E. H. GREPPIN, Trustee, etc., et al., Respondents.

[1] Trusts—Execution of Mortgage for Benefit of Creditors—Enforcement of Payment—Discretionary Powers of Trustee—Right of Creditors to ·Compel Action.—Where a debtor executes a note and chattel mortgage to a trustee for the benefit of his creditors and there is no agreement among the creditors giving such trustee discretionary power as to the time and conditions under which he should proceed to enforce payment under the terms of the note and mortgage, one of the principal· creditors has the right to insist upon reasonably prompt action by the trustee.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hocker & Austin and L. L. Burns for Appellant.

Geo. Beebe and Horace S. Wilson for Respondents.

SLOANE, J.—The facts in this case, so far as material to the issues on this appeal, are that one H. A. Miller, engaged in the printing business, being indebted to a number of creditors, including the plaintiff, Sierra Paper Company, a corporation, in varying amounts aggregating several thousand dollars, executed a chattel mortgage upon his printing plant, securing his promissory note for the entire indebtedness, to the defendant E. H. Greppin as trustee for the benefit of the creditors. The note, dated July 29, 1915, was made payable, $176.77 on the 15th of September, 1915, and the balance in fifty-one installments of $150 each, the first to be paid on the 1st of September, 1915, and a like installment on the fifteenth of each and every month thereafter, with interest at eight per cent on each of the deferred payments. The note provided that the whole amount of principal and interest should become immediately due and payable upon the happening of any one of several contingencies, among which was the failure to pay any installment of principal or interest when due, "notwithstanding any other stipulation herein contained." The mortgage provided that on the happening of any of the contingencies named in the note, the whole sum should become due and payable at the option of the legal holder of the note, at once and without notice. The mortgage further empowered the mortgagee, at his option, upon any default on the part of the mortgagor, to foreclose the mortgage as provided by law. It was also made optional with the mortgagee, in case of default in any of the conditions, to take possession of the property without notice to the mortgagor, and to sell the same at public auction or private sale, with or without notice.

There was nothing in the terms of either the note or mortgage indicating the nature or conditions of the trust,

or for whose benefit the instruments were executed or the trust created.

Miller defaulted in his payments from the outset, having made only one payment of $75 in over a year, up to the time this suit was commenced. Plaintiff made demand upon the trustee to enforce payment under the note and mortgage, and on his refusal to do so began this suit for a foreclosure of the mortgage in November, 1916, in its own name as one of the beneficiaries of the trust, making Miller the mortgagor, Greppin the mortgagee and trustee, and the other creditors and beneficiaries parties defendant. The judgment was for defendants and plaintiff appeals.

The only question raised is as to the discretion of the trustee regarding the time and manner of enforcing the claims of the creditors under this transaction.

[1] As before stated, there is nothing in the writings indicating the powers or duties of the trustee, and the parol evidence on that point, as shown in the record, is meager, vague, and indefinite. In the absence of any agreement among the creditors giving the trustee discretionary power as to the time and conditions under which he should proceed to enforce payment under the terms of the note and mortgage, it may be conceded that the plaintiff, one of the principal creditors, would have the right to insist upon reasonably prompt action by the trustee. (*Estate of Heberle,* 155 Cal. 723, [102 Pac. 935]; *Citizens' Bank v. Los Angeles etc. Co.,* 131 Cal. 187, 191, [82 Am. St. Rep. 341, 63 Pac. 462]; Story's Equity Jurisprudence, sec. 1275.) The trial court, however, found on this point as follows: "That it is true that at the time of the delivery of the note as alleged in paragraph IV of plaintiff's complaint and at the time of the execution of the chattel mortgage as alleged in paragraph V of plaintiff's complaint, there was an agreement that E. H. Greppin should act as trustee for all of the creditors; that said agreement and understanding was with all of the creditors, and said agreement was oral and provided that said E. H. Greppin should have entire discretionary power as to the manner of handling said trust, and that said E. H. Greppin was not to enforce the performance of the terms of said mortgage or note unless in his judgment said note should be collected and said mortgage foreclosed." The evidence shows that the trustee

acted in the premises to the best of his judgment, and on a condition of facts which, to all the other creditors, at least, made his indulgence and efforts to nurse this claim along appear wise and reasonable.

It is obvious that if the court's finding as to the discretionary powers given is sustained by the evidence, the judgment must be upheld. It appears by the mortgage itself that an extension of the mortgage debt, by renewal or otherwise, was within the contemplation of the parties. It was shown by parol evidence to have been customary with the business interests engaged in this line of trade to take over claims of this kind, as was done in the instant case, by putting the whole matter in the hands of a representative of the heaviest claimant for discretionary settlement for the mutual benefit of all; that plaintiff had been a party to such arrangements; and that if there was no express conferring of discretionary power in this instance, it was implied by subsequent conduct and acquiescence. Mr. Greppin, the trustee in this case, was the personal representative of the defendant Blake, Moffit & Towne, the largest creditor, whose claim was for $3,374.40—nearly one-half the total sum. Plaintiff's claim was $1,879.68. There were eight or ten other creditors interested. The evidence disclosed that Blake, Moffit & Towne, who were engaged in selling printer's supplies, and others of the creditors in similar lines of business, continued, during the period covered by this mortgage, to enjoy the patronage of the business of the defendant Miller, with prompt cash payments on account. It may readily be conceived that they submitted to the procrastination in the payment of the original mortgage debt with more complacency than did the plaintiff, which was not enjoying a continuation of the mortgagor's trade on such cash basis. However, it does not seem to be seriously contended that these creditors, or the trustee, were governed by any unworthy motives in granting indulgence on this mortgage claim. It was testified in evidence that the times had been unpropitious for realizing satisfactory results on the security, but that an arrangement was pending which promised a favorable settlement in the course of time. In view of the fact that the plaintiff was party to a rather hazy and nebulous trust agreement, we are of the opinion that the

trial court did about as well as could be done in fixing its terms.

The judgment is affirmed.

Finlayson, P. J., and Thomas, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 29, 1920.

All the Justices concurred.