J. P. GRIFFIN ET AL. v. H. P. HALE ET AL.

No. 6996.   Decided February 9, 1938.
Rehearing overruled March 16, 1938.
(112 S. W., 2d Series, 1042.)

*Edward A. Brown,* of Longview, and *D. B. Chapin,* of Tyler, for plaintiffs in error.

*Geo. I. McGee* and *Tom F. Head,* both of Kilgore, *W. H. Francis* and *Walace Hawkins,* both of Dallas, *Edwin Lacy, Angus G. Wynne,* and *Saye, Smead & Saye,* all of Longview, *Phillips, Trammell, Chizum, Estes & Edwards,* of Fort Worth, *P. O. Beard,* of Marshall, *Lawrence Treadwell,* of Corsicana, and *Jeff D. Farish,* of Houston, for defendants in error.

*Lawrence Treadwell,* of Corsicana, also filed written argument as amicus curiae.

MR. JUDGE MARTIN delivered the opinion of the Commission of Appeals, Section B.

The parties to this suit will carry here their trial court designation. Plaintiffs sued defendants for fifty acres of highly productive oil land. They pleaded their title specially in great detail. A general demurrer was sustained to their petition by the trial court and this holding was affirmed by the Court of Civil Appeals. Griffin et al. v. Hale et al., 87 S. W. (2d) 497. Both holdings reasoned apparently from the hypothesis that

certain real estate was bequeathed, and to the conclusion that the rule in Shelley's case applied. The property was not real estate, but personalty. We do not reach the question of whether or not the rule in Shelley's case applies. The pleadings present the following factual background: An epidemic of yellow fever was raging in 1878 and T. M. Griffin, Sr., was stricken with it. He called in a friend who wrote a will for him in the following language:

"STATE OF MISSISSIPI
"COUNTY OF HINES
"KNOW ALL MEN BY THESE PRESENTS That I, T. M. Griffin, of said above County and State, considering the uncertainty of this life and being of sound mind and memory do hereby authorize and call on O. P. Lockhart now by my bedside to put in writing my last will and testament (feeling to feeble to set up and write myself) and as follows:

"I want my wife S. P. Griffin at my death to take into her possession and to keep as long as she lives all of my property both personal and real in the State and County above named. Also all of my property both real and personal being in the State of Texas and County of Rusk & Gregg and I do by these presents will and bequeath unton S. P. Griffin my wife all the rights and immunities to the above diferent properties to hold and to keep as hers undivided so long as she lives, the said S. P. Griffin my wife to be administratrix on the above mentioned properties, and should she die (S. P. Griffin) before —— nephew T. M. Griffin now living with us and has been for the last six years and should he my nephew T. M. Griffin continue to live with her until her death (his aunt S. P. Griffin my wife) then and in this event I do by these presents will and bequeath unto the said T. M. Griffin my nephew all the rights and immunities to the *deferent* properties herein willed and bequeathed to my wife S. P. Griffin, he T. M. Griffin my nephew to hold and to keep as his own individual property and to remain his undisturbed so long as he lives then at his death his heir or heirs shall take the property as hereinbefore willed and bequeathed but in the event the said T. M. Griffin my nephew dies without an heir or heirs then his nearest heir or heirs at law to take and keep the said property as hereinbefore willed and bequeathed.

"I want T. M. Griffin my nephew in the event of my wife's death to be my executor.

"I want the probate court to have nothing to do with this will further than to prove and probate the same.

"I want my nephew T. M. Griffin to act as Executor without giving bond.

"Now in testimony whereunto I have set my hand and affixed my scroll by way of seal this 30th day of Sept. 1878.

Thos. M. Griffin    (Seal)"

ATTEST: O. P. Lockhart,
       John Taylor,
       Simon White"

**1-3** Almost immediately thereafter T. M. Griffin died. The next day his wife also died. The will was promptly probated. T. M. Griffin, Jr., his nephew, qualified as independent executor and took charge of the estate. T. M. Griffin, Sr., and wife left no children. Among the assets of said estate was a $400.00 vendor's lien note, which furnished the basis for the present controversy. In December, 1878, the said executor filed foreclosure proceedings on this note in the district court of Gregg County. The land involved consisted of 150 acres, of which the fifty acres involved here was a part. Judgment was entered as prayed for, and the land sold to T. M. Griffin, Jr., on his bid of $173.00, which amount was credited on the indebtedness owing on said note. Deed was to T. M. Griffin, Jr., who soon thereafter transferred same to Mary C. Goodwyn in settlement of her claim as one of the heirs of T. M. Griffin, Sr. The land subsequently passed by mesne conveyances to the present defendants. Each of the grantees is alleged to have had knowledge "of all the facts aforesaid." It further appears that T. M. Griffin, Jr., died in 1904, that suit was filed by plaintiffs in 1933, and that each of the plaintiffs at the time was over fifty years of age, and are the children and sole heirs of T. M. Griffin, Jr., deceased. Their claim here is that by the terms of said will a life estate only vested in their father to said property, and at his death they took a fee simple title thereto. We assume the correctness of this, without deciding it, in disposing of the case. The implication, we think, is compellable that the testator intended and expected that the note involved would be collected and the money be paid to his nephew and to be by him used and enjoyed during his lifetime. It will never be presumed that a testator intended that the object of his bounty should receive no benefits of substantial value from the property devised to him. 44 Tex. Jur. 747. We will not construe the testator's intent here to be that his nephew should lock up and keep throughout his lifetime the very money received from this note to be delivered to his children at his death. This would constitute a sterile gift. Moreover, he was acting in a dual capacity, being an independent executor. He could have sold

this note and transferred good title to both the note and lien. He could have collected it and executed a valid release. A stranger purchasing under this foreclosure would have had good title. In any of these situations the grantee would have received a title free from the alleged claim of plaintiffs—all this because Griffin had the authority and the right to pass good title. Having an absolute right to handle the note as his own property, that right did not cease when transferred and transformed into other property, particularly in the absence of allegations showing a breach of trust and notice thereof to the purchaser. We think by necessary implication the right to handle this note and the money collected therefrom as his own property existed, considering the particular nature of the property and the entire will, in the light of the surrounding circumstances, independent of his power as executor. If so, how could it be said that his taking title in his own name and his subsequent conveyance in setlement of a claim against the estate was a breach of trust in the absence of an allegation of fraud or bad faith, or some allegation tending to impeach a conveyance presumptively made for the best interest of his own children. There is no such allegation. Nor is there any allegation of a breach of trust in the entire petition either directly or of any fact from which such might be inferred. Assuming that Griffin was a trustee, his obligation under the will was to keep for delivery to his children the sum of four hundred dollars, with the right to its use and enjoyment during his lifetime. He was not obligated to deliver real estate. The item here is personal property. A delivery of that fulfilled his obligation; a failure to do that constituted a breach thereof. It is not even hinted in the petition that he breached his trust in this respect. For aught that appears here, plaintiffs have been paid the four hundred dollars with interest thereon, and are seeking also to claim land purchased with trust funds, when they have lost no trust funds. More than fifty years have passed since the probate of the will, and a third of a century has passed since Griffin's death. The law under such circumstances presumes, in the absence of allegations rebutting same, that a father has faithfully performed his trust to his children, and particularly that money now past due for more than thirty years has been paid.

"Now, there is no doubt that after a long lapse of time, by common consent usually placed at 20 years, there arises a presumption of payment. * * *

"If by reason of lapse of time there arises in the case a presumption of payment amounting to prima facie proof of such issue, it of course logically follows that in the absence of evi-

dence rebutting this presumption and overcoming this prima facie case, the defendant must recover. Some of the quotations already made by us indicate that the burden of proof in such a situation is on the plaintiff to overcome the prima facie defense. See United States v. Stinson, supra [197 U. S. 200, 25 Sup. Ct. 426, 49 L. Ed. 724]; Leake v. City of Dallas, supra [197 S. W. 472]; 21 R. C. L. supra." McKinney v. Freestone County, 291 S. W. 529.

See also Grimes v. Smith, 70 Texas 217, 8 S. W. 33; 32 Tex. Jur., p. 704.

If plaintiffs have any case here the foundation for same, it seems to us, must necessarily rest upon the theory that their father was a trustee with the obligation to keep the personal property during his lifetime for delivery to them at his death and that such trust has been breached.

"Where, in a suit to establish and enforce a trust, one of the elements or theories of the suit is a breach of trust on the part of the trustee, or alleged trustee, the bill, complaint, or petition must allege facts which show a breach or violation by the trustee of his trust, or that he has declined or refused to carry out the trust according to its terms, or that he has denied the trust. In a suit to follow trust funds or property, complainant must allege a violation of trust on the part of the trustee in disposing of the funds or property." 65 C. J., p. 1044, Sec. 974.

" * * * a complaint in an action to declare a trust for the benefit of creditors which fails to allege that defendants have denied the trust, or that the trustee has ever declined or refused to carry out the same according to its terms, is defective. Way v. Shaver, 84 Pac. 283, 2 Cal. App. 650." 65 C. J., p. 1045 Note 1(a).

The petition before us is not only lacking in a proper averment of a breach of trust, but also in any allegation that would make invalid the title of a purchaser of this land from or through T. M. Griffin, Jr.

We are inclined to the view that as respects this note and its proceeds an absolute gift was intended, but do not expressly so decide, preferring rather to rest this decision upon the grounds already stated.

Judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court February 9, 1938.

Rehearing overruled March 16, 1938.