**CENTRAL NATIONAL BANK OF McKINNEY, Texas, Appellant,**

v.

**Mrs C. F. BOOHER, Appellee.**

**No. 7989.**

Court of Civil Appeals of Texas, Beaumont.

Oct. 20, 1977.

Rehearing Denied Oct. 11, 1977.

Roland Boyd, McKinney, for appellant.

Douglas A. Barnes, Dallas, for appellee.

CLAYTON, Justice.

This is an action to recover proceeds of a passbook savings account. Mrs. C. F. Booher, as plaintiff, instituted this suit against Central National Bank of McKinney, Texas, defendant, to recover the proceeds of a passbook savings account. Trial was to the District Court sitting without a jury, and judgment was rendered for the plaintiff.

The evidence presented to the trial court briefly stated is as follows: The passbook involved in this cause was issued to the plaintiff and had been in the possession of plaintiff since it was issued and delivered to her in 1932, showing an initial deposit of $1,000. The plaintiff did not make any additional deposits, did not make any withdrawals, did not authorize anyone else to make withdrawals, and was never contacted by the Bank concerning the account. Plaintiff made demand on defendant Bank for the proceeds of the account in February 1975. The defendant introduced into evidence that among the records found by Bank employees were three account cards on a savings account for a Mrs. C. F. Book

er which he assumed was the same account as Mrs. C. F. Booher's. These cards show an initial deposit of $1,000 on July 1, 1932, three small additional deposits, and approximately thirty small withdrawals, closing out the account February 18, 1935. The Bank did not have any record of a power of attorney from Mrs. Booher, no affidavit of lost passbook and no authorization from plaintiff to give the money in the account to anyone else.

Defendant complains of the action of the trial court in rendering judgment for the plaintiff because it contends the undisputed evidence shows that the account was withdrawn and paid to plaintiff, thereby closing the account.

The trial court, in its Findings of Fact, found that:

1. The savings account passbook belonged to plaintiff and had been in her possession since 1932.

2. Plaintiff did not make any withdrawals from her account.

3. Plaintiff did not authorize anyone else to make withdrawals from her account.

4. Plaintiff did not make an affidavit of lost passbook.

5. Defendant's record of withdrawals and deposits was not a record of the savings account of plaintiff.

It is well-settled that the trial court's findings carry the same weight as jury findings by which we are bound, if such findings are supported by probative evidence. In a non-jury case, the trial court is the judge of the credibility of the witnesses and the weight to be accorded their testimony. *Johnson v. Lane,* 524 S.W.2d 361, 363 (Tex.Civ.App.—Dallas 1975, no writ), and cases cited therein; accord, *Gulf States Theatres of Texas v. Hayes,* 534 S.W.2d 406 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.). From a review of the evidence we are of the opinion the findings of the trial court are supported by probative evidence. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

The next point raised by defendant is that recovery should be denied on the doctrine of "prescription" or "presumption of payment" because there was a lapse of forty years without recognition of the account or without demand by plaintiff on such account.

 Defendant urges that a presumption of payment arises after a lapse of time that is by common consent usually placed at twenty years; and cites 44 Tex.Jur.2d *Payment* § 59 (1963). In the case of *Griffin v. Hale,* 131 Tex. 152, 112 S.W.2d 1042, 1044 (1938), the Court, in holding this doctrine is recognized in Texas, states:

> " '[T]here is no doubt that after a long lapse of time, by common consent usually placed at 20 years, there arises a presumption of payment. * * *
>
> " 'If by reason of lapse of time there arises in the case a presumption of payment amounting to prima facie proof of such issue, it of course logically follows that in the absence of evidence rebutting this presumption and overcoming this prima facie case, the defendant must recover.' "

It is conceded that this is a rebuttable presumption. The passbook issued to plaintiff provides:

> "Money shall be paid to the depositor personally, or to another person holding the depositor's written order, duly witnessed, or power of attorney, duly authenticated. In either instance the passbook must be presented in order that the payment may be entered therein; provided, however, that payment may be made without the production of the pass-book, if the depositor shall prove to the satisfaction of the Board of Directors that his book has been lost, stolen or destroyed, and shall give to the Bank a written discharge, with satisfactory indemnity against loss, for any payment made without the production of such book."

 Under the findings of the trial court that plaintiff made no withdrawals, did not authorize anyone else to make withdrawals, made no affidavit of lost passbook, and did not receive payment of such account, we are of the opinion that any presumption of payment was rebutted so as to defeat such presumption. A presumption of law, as such, is not in the nature of evidence and has no probative force, and that when some evidence of probative nature has been introduced tending to overcome the presumption, it disappears entirely from the case. *White v. Smyth,* 147 Tex. 272, 214 S.W.2d 967, 974 (1948); *Southland Life Ins. Co. v. Greenwade,* 138 Tex. 450, 159 S.W.2d 854, 857 (1942); *Empire Gas & Fuel Co. v. Muegge,* 135 Tex. 520, 143 S.W.2d 763, 768 (1940).

There was no error in the action of the trial court in entering judgment for the plaintiff.

AFFIRMED.